2015 ND 190

**PRAIRIE SUPPLY, INC., Plaintiff and Appellant**

v.

**APPLE ELECTRIC, INC., and Justin Neidviecky, Defendants and Appellees.**

**Nos. 20140354, 20140357.**

Supreme Court of North Dakota.

July 30, 2015.

Ann E. Miller (argued) and Michael T. Andrews (on brief), Fargo, N.D., for plaintiff and appellant.

Joel M. Fremstad (argued) and James A. Teigland (on brief), Fargo, N.D., for defendants and appellees.

McEVERS, Justice.

[¶ 1] Prairie Supply, Inc. ("Prairie") appeals from a district court judgment ordering Prairie to pay Apple Electric, Inc. ("Apple") damages for conversion by the wrongful repossession of ground heaters. We affirm, concluding our review of the issues raised by Prairie on appeal is limited to the issue of damages, and the award of damages to Apple is supported by the evidence.

## I

[¶ 2] In late 2011, Prairie and Apple entered into separate oral lease-to-own agreements for two Thawzall ground heaters, which are used to thaw or soften frozen ground. The combined sales price for the heaters was $70,000. Apple took possession of the heaters and made monthly payments. After Apple made late payments, Prairie repossessed the heaters on July 1, 2012, and sued to recover past due rental payments. Apple had paid over $60,000 to Prairie at the time of repossession.

[¶ 3] At trial, Apple claimed the agreements were for the purchase of the heaters, and Prairie claimed the agreements were leases and it had the right to repossess the heaters after Apple made late payments. The district court concluded the parties' agreements were purchase agreements, not lease agreements; Prairie's repossession of the heaters was wrongful and constituted conversion; and Apple was entitled to damages of $61,851.94, plus interest at the rate of six percent.

[¶ 4] After the district court issued its memorandum decision, findings of fact, conclusions of law and order for judgment, Prairie moved for amended findings, additional findings, or in the alternative, a new trial. Prairie requested a new trial on the following grounds: (1) "[t]he damages awarded to [Apple] by the Court were excessive and not supported by law or the evidence presented at trial;" and (2) "there was no evidence presented as to the actual market value of the heaters." The court denied Prairie's motions and a final judgment was entered. Prairie appealed from the district court's memorandum decision, findings of fact, conclusions of law and order for judgment, and judgment. Prairie did not appeal from the court's order denying the motion for amended findings,

additional findings, or in the alternative, a new trial.

## II

[¶ 5] Prairie raises the following issues on appeal:

(1) Whether the District Court erred as a matter of law when it concluded the agreements between Prairie Supply and Apple Electric were purchase agreements and not lease agreements.

(2) Alternatively, whether the District Court erred as a matter of law when it concluded Prairie Supply had not perfected or retained a security interest in the Thawzall heaters that were in Apple Electric's possession.

(3) Whether the District Court erred as a matter of law when it concluded Prairie Supply's repossession of the Thawzall heaters was done under inappropriate circumstances.

(4) Whether the District Court erred as a matter of law when it concluded Prairie Supply's repossession of the Thawzall heaters constituted conversion.

(5) Whether the District Court erred as a matter of law when it determined Prairie Supply had waived its right to repossess the Thawzall heaters.

(6) Whether the District Court erred as a matter of law when it awarded Apple Electric damages based on the value of the equipment at the time of the repossession, less the amount still owing thereon, plus interest from that time.

[¶ 6] After the district court issued its memorandum decision, findings of fact, conclusions of law and order for judgment, Prairie moved for a new trial, arguing the damages awarded to Apple were excessive, and the evidence regarding the actual market value of the heaters was insufficient. Apple argues the issues raised by Prairie on appeal are waived because Prairie failed to raise those issues in its motion for new trial, and the only

issues Prairie preserved for appeal are the issues it raised in its motion for new trial. We agree.

[¶ 7] In *Cartier v. Northwestern Elec., Inc.*, 2010 ND 14, ¶ 16, 777 N.W.2d 866, this Court discussed how a party's motion for a new trial under N.D.R.Civ.P. 59 affects the issues raised in a subsequent appeal:

> [I]t is well settled that where a motion for a new trial is made in the lower court the party making such a motion is limited on appeal to a review of the grounds presented to the trial court. This restriction of appealable issues applies not only to review of a denial of the motion for a new trial, but also to the review of the appeal from the judgment itself. . . . [T]his rule forecloses appellate review of alleged errors . . . which were not raised on the motion for a new trial.

(quoting *Andrews v. O'Hearn*, 387 N.W.2d 716, 728–29 (N.D.1986) (citation omitted)). A motion for new trial is not necessary for appellate review, but when a new trial is sought, the moving party is limited on appeal to the grounds presented to the district court in the motion for a new trial. *State v. Zajac*, 2009 ND 119, ¶ 8, 767 N.W.2d 825. "This long-standing rule is derived from our Territorial laws." *Andrews*, at 728 n. 18.

[¶ 8] Relying on *Meier v. Meier*, 2014 ND 127, 848 N.W.2d 253, Prairie argues it preserved all of the issues it raised on appeal because it did not appeal from the court's denial of the motion for a new trial. In *Meier*, the wife moved to correct an eight year old divorce judgment. *Id.* at ¶ 4. After an amended judgment was entered, the husband moved for a new trial. *Id.* One of the issues in his motion for new trial was that she waited too long to bring her motion. *Id.* After the husband's motion was denied, he appealed from the amended judgment, arguing there were no extraordinary circumstances to justify amending an eight year old divorce judgment, the wife's motion was not brought within a reasonable time, and the district court erred in denying his motion for a new trial. *Id.* He did not appeal from the denial of his motion for a new trial. *Id.* at ¶ 5. On appeal, we concluded that "[he] cannot challenge in this appeal the district court's denial of his motion for a new trial." *Id.* We also concluded "[t]he dispositive issue in this case is whether [her] motion was made within a reasonable time," an issue on appeal that was also raised in the motion for new a trial. *Id.* at ¶ 7. Although the husband did not appeal the denial of his motion for new a trial, our review of his appeal of the amended judgment was limited to the issue on appeal that was also raised in his motion for new a trial. In *Meier*, we did not discuss the longstanding rule for preserving issues for appellate review discussed in the preceding paragraph, but the rule nevertheless applied in that case.

[¶ 9] Here, the issues Prairie raised in its motion for a new trial were: (1) "[t]he damages awarded to [Apple] by the Court were excessive and not supported by law or the evidence presented at trial;" and (2) "there was no evidence presented as to the actual market value of the heaters." Similar to *Meier*, Prairie did not appeal from the district court's denial of its motion for a new trial. The only issue raised by Prairie on appeal that was raised in its motion for a new trial is that the district court erred in awarding Apple damages based on the value of the heaters at the time of repossession. We conclude Prairie is limited on appeal to the issue of damages presented to the district court in its motion for a new trial and Prairie has failed to preserve its remaining issues for appellate review.

### III

[¶ 10] On appeal, Prairie has framed all of its issues, including the issue of dam-

ages, as errors of law. At oral argument, Prairie reiterated the district court erred as a matter of law in making its decisions at trial, and argued there was no evidence to support the court's findings of fact. For purposes of this appeal, we will assume Prairie is challenging the court's factual findings as to the damages awarded to Apple.

[¶ 11] Prairie argues the damages awarded to Apple were excessive and not supported by the evidence presented at trial. A district court's award of damages is a finding of fact subject to the clearly erroneous standard of review. *Peterbilt of Fargo, Inc. v. Red River Trucking, LLC*, 2015 ND 140, ¶ 16, 864 N.W.2d 276. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after reviewing all the evidence, we are left with a definite and firm conviction a mistake has been made." *C & C Plumbing and Heating, LLP v. Williams Cnty.*, 2014 ND 128, ¶ 6, 848 N.W.2d 709 (quoting *Trosen v. Trosen*, 2014 ND 7, ¶ 20, 841 N.W.2d 687). In reviewing findings of fact, we view the evidence in the light most favorable to the findings, and a choice between two permissible views of the evidence is not clearly erroneous. *Stai–Johnson v. Johnson*, 2015 ND 99, ¶ 5, 862 N.W.2d 823. We will not reverse a district court's findings of fact simply because we may have viewed the evidence differently. *Id.*

[¶ 12] The district court concluded the oral agreements between Prairie and Apple were purchase agreements, and Prairie converted the heaters by wrongfully repossessing them from Apple. Under N.D.C.C. § 32–03–23(1), damages for conversion is "[t]he value of the property at the time of the conversion, with the interest from that time." The court found the

fair market value of the heaters at the time they were repossessed was $70,000, which was the combined purchase price for both heaters. The court found Apple had paid $61,851.94 of the total $70,000 purchase price when the heaters were repossessed by Prairie. With $8,148.06 owing towards the purchase at the time of the July 1, 2012, conversion, the court found Apple was entitled to $61,851.94 in damages, plus interest at the rate of six percent from July 1, 2012. The court's factual findings on damages are supported by the evidence, and we are not convinced a mistake was made. We conclude the court's award of damages to Apple is not clearly erroneous.

IV

[¶ 13] The judgment is affirmed.

[¶ 14] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, CAROL RONNING KAPSNER and DALE V. SANDSTROM, JJ., concur.