# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 156

Samantha Hoffman,                                                  Plaintiff and Appellee

v.

Matthew Jevne,                                                  Defendant and Appellant

No. 20180367

Appeal from the District Court of Morton County, South Central Judicial District, the Honorable Cynthia Feland, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

David M. Knoll, Bismarck, ND, for plaintiff and appellee.

Theresa L. Kellington, Bismarck, ND, for defendant and appellant, on brief.

**Crothers, Justice.**

[¶1] Matthew Jevne appeals an order denying his motion for an order to show cause against Samantha Hoffman. We affirm, concluding the court did not abuse its discretion in denying Jevne's motion without a hearing.

I

[¶2] Jevne and Hoffman have one child together. Jevne and Hoffman divorced in Texas in 2017, and Hoffman was awarded primary residential responsibility of the child. Hoffman moved to North Dakota in 2018 and registered the Texas judgment in Morton County under N.D.C.C. § 14-14.1-25 as a foreign child custody determination.

[¶3] In August 2018, Jevne moved for an order to show cause, arguing Hoffman willfully violated the terms of the judgment. He argued Hoffman denied him access to information concerning the health, education and welfare of their child, denied him communication with the child and failed to reimburse him for debts he paid related to their house. Jevne requested Hoffman be found in contempt of court. Hoffman submitted a brief and affidavit disputing Jevne's allegations and denying she violated the terms of the judgment. Jevne did not request a hearing.

[¶4] The district court denied Jevne's motion without a hearing, finding Jevne failed to submit evidence showing Hoffman willfully violated the judgment:

> "Defendant has not met his burden of proof for issuance of an order to show cause against the plaintiff because Defendant has failed to submit evidence which satisfactorily demonstrates that any alleged noncompliance with the *Final Decree of Divorce* by the plaintiff was willful and inexcusable noncompliance which constitutes contempt. The Court further finds that the defendant's acts and omissions pertaining to the plaintiff's alleged contemptuous conduct concerning the parenting provisions in the Final Decree of Divorce, including but

1

not limited to the defendant's failure to utilize the 'Our Family Wizard' platform for communication about parenting matters as required in the *Final Decree of Divorce* and apparent unwillingness to contact the parties' 11-year-old child directly for scheduled electronic communications with the child, contributed to the creation of issues for which Defendant has moved for an Order to Show Cause against the plaintiff."

II

[¶5] Jevne argues the district court erred in denying his motion for an order to show cause without an evidentiary hearing.

[¶6] Jevne's notice of motion states he brought his motion under N.D.R.Ct. 3.2. A party bringing a N.D.R.Ct. 3.2 motion may have the motion decided on the briefs or request oral argument under N.D.R.Ct. 3.2(a)(3), which provides "[i]f any party who has timely served and filed a brief requests oral argument, the request must be granted." A district court also may require oral argument under N.D.R.Ct. 3.2(b), which provides "[a]fter reviewing the parties' submissions, the court may require oral argument and may allow or require evidence on a motion." Thus, unless requested by a party, oral argument on a motion under N.D.R.Ct. 3.2 is not required. *See Schwalk v. Schwalk*, 2014 ND 13, ¶ 12, 841 N.W.2d 767 ("Rule 3.2, N.D.R.Ct., provides procedural rules for motions and does not require a hearing be held on every motion.").

[¶7] Jevne's brief in support of his motion for an order to show cause also states he brought his motion under N.D.C.C. ch. 27-10, relating to contempt. Contempt of court means "[i]ntentional disobedience, resistance, or obstruction of the authority, process, or order of a court." N.D.C.C. § 27-10-01.1(1)(c). "[W]hen an act punishable as contempt is not committed in the immediate view and presence of the court, the court, upon being satisfied of the commission of the offense, may . . . [o]rder the accused to show cause at a specified time and place why the accused should not be punished for the alleged offense." N.D.C.C. § 27-10-07(1).

[¶8] "When a district court may do something, it is generally a matter of discretion." *Schwalk*, 2014 ND 13, ¶ 8, 841 N.W.2d 767. A court abuses its discretion if it acts

2

in an arbitrary, capricious or unreasonable manner, if it misinterprets or misapplies the law or if its decision is not the product of a rational mental process leading to a reasoned determination. *State v. White*, 2018 ND 58, ¶ 8, 907 N.W.2d 765. A court has broad discretion in making contempt decisions, and we will only disturb a contempt decision if the court abused its discretion. *Rath v. Rath*, 2016 ND 83, ¶ 4, 878 N.W.2d 85.

[¶9] Here, Jevne did not request oral argument under N.D.R.Ct. 3.2(a)(3). Because he did not request oral argument, it was within the district court's discretion whether to schedule an evidentiary hearing or rule on the motion on the basis of the parties' submissions.

[¶10] Jevne submitted a brief and affidavit in support of his motion, and Hoffman submitted a brief and affidavit in response. On the basis of the parties' submissions, the district court found Jevne failed to meet his evidentiary burden to support the requested relief. Our review of the entire record confirms the district court did not abuse its discretion in denying Jevne's motion without a hearing. The court did not act in an arbitrary manner, and its decision was the product of a rational mental process leading to a reasoned determination.

III

[¶11] The parties' remaining arguments are either without merit or unnecessary to our decision. The order is affirmed.

[¶12]     Daniel J. Crothers
          Lisa Fair McEvers
          Jon J. Jensen
          Jerod E. Tufte
          Gerald W. VandeWalle, C.J.

3