2016 ND 229

**KLE CONSTRUCTION, LLC,**
Plaintiff and Appellee

v.

**TWALKER DEVELOPMENT, LLC,**
Defendant and Appellant.

No. 20160054.

Supreme Court of North Dakota.

Dec. 5, 2016.

Thomas M. Jackson, Bismarck, N.D., for plaintiff and appellee.

Sean T. Foss, Fargo, N.D., for defendant and appellant.

KAPSNER, Justice.

[¶ 1] Twalker Development, LLC appeals from a judgment granting KLE Construction LLC's claim for unjust enrichment and ordering Twalker to pay $87,958.74 in damages. We affirm, concluding the district court did not err in granting KLE's unjust enrichment claim and awarding damages.

I

[¶ 2] KLE is a construction company, providing civil construction services in western North Dakota and eastern Montana. Twalker is a real estate development company seeking to develop real estate in McKenzie County.

[¶ 3] KLE and Twalker engaged in negotiations for KLE to provide construction services to Twalker in exchange for four lots located in Twalker's development. KLE and Twalker never executed a written contract finalizing the terms of an agreement. KLE began performing construction services on the property, including preliminary dirt work related to clearing and scraping the property. KLE also hired an engineering firm to create plans to subdivide the property for future sales. KLE and Twalker disagreed about certain aspects of the project, and Twalker terminated KLE's services. Twalker continued to develop the property and did not compensate KLE for the services it provided.

[¶ 4] KLE sued Twalker for breach of contract, unjust enrichment, and forbearance. After a bench trial, the district court dismissed KLE's breach of contract claim, finding KLE failed to establish the existence of a contract. The court dismissed KLE's forbearance claim, stating forbearance is not a separate and distinct claim. The court granted KLE's unjust enrichment claim and found KLE was entitled to $90,857 in damages. The court ordered each party pay the other party's costs and disbursements. A judgment was entered in favor of KLE for $87,958.74.

II

[¶ 5] In *Border Res., LLC v. Irish Oil & Gas, Inc.*, 2015 ND 238, ¶ 14, 869 N.W.2d 758 (quoting *Brash v. Gulleson,*

2013 ND 156, ¶ 7, 835 N.W.2d 798), we explained the standard of review for an appeal from a bench trial:

> [T]he trial court's findings of fact are reviewed under the clearly erroneous standard of N.D.R.Civ.P. 52(a) and its conclusions of law are fully reviewable. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after reviewing all the evidence, we are left with a definite and firm conviction a mistake has been made. In a bench trial, the trial court is the determiner of credibility issues and we do not second-guess the trial court on its credibility determinations.

The district court's determination of whether the facts support a finding of unjust enrichment is fully reviewable on appeal. *Northstar Founders, LLC v. Hayden Capital USA, LLC,* 2014 ND 200, ¶ 53, 855 N.W.2d 614.

[¶ 6] In *McColl Farms, LLC v. Pflaum,* 2013 ND 169, ¶ 18, 837 N.W.2d 359 (quotations and citations omitted), this Court explained the doctrine of unjust enrichment:

> Unjust enrichment is a broad, equitable doctrine which rests upon quasi or constructive contracts implied by law to prevent a person from unjustly enriching himself at the expense of another. To recover under a theory of unjust enrichment, the plaintiff must prove: (1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and the impoverishment, (4) the absence of a justification for the enrichment and impoverishment, and (5) the absence of a remedy provided by law. The theory may be invoked when a person has and retains money or benefits which in justice and equity belong to another. For a complainant to recover, it is sufficient if another has, without justification, ob-tained a benefit at the direct expense of the complainant, who then has no legal means of retrieving it. The essential element in recovering under the theory is the receipt of a benefit by the defendant from the plaintiff which would be inequitable to retain without paying for its value.

[¶ 7] Twalker argues the district court should have dismissed KLE's unjust enrichment claim because KLE had an adequate remedy at law and, therefore, KLE did not prove all of the required elements of its claim. Twalker contends KLE could have filed a construction lien against Twalker's property under N.D.C.C. § 35–27–02 and pursued foreclosure of the lien. KLE argues Twalker is barred from raising this issue on appeal because it did not raise the issue before the district court.

[¶ 8] Issues that are not adequately raised before the district court will not be addressed on appeal. *State v. $44,140.00 U.S. Currency,* 2012 ND 176, ¶ 7, 820 N.W.2d 697. We have explained:

> The purpose of an appeal is to review the actions of the trial court, not to grant the appellant an opportunity to develop and expound upon new strategies or theories. The requirement that a party first present an issue to the trial court, as a precondition to raising it on appeal, gives that court a meaningful opportunity to make a correct decision, contributes valuable input to the process, and develops the record for effective review of the decision. It is fundamentally unfair to fault the trial court for failing to rule correctly on an issue it was never given the opportunity to consider. Accordingly, issues or contentions not raised ... in the district court cannot be raised for the first time on appeal.

*Paulson v. Paulson,* 2011 ND 159, ¶ 9, 801 N.W.2d 746 (quoting *Spratt v. MDU Res. Grp., Inc.,* 2011 ND 94, ¶ 14, 797 N.W.2d 328) (citations and quotations omitted).

[¶ 9]   At the end of the trial, the district court requested the parties file written closing arguments focused on the unjust enrichment claim. Twalker filed a post-trial brief addressing KLE's unjust enrichment claim, but it did not argue that KLE failed to establish the absence of a remedy provided by law or that KLE had a remedy because it could have filed a construction lien. Twalker instead argued KLE failed to prove its unjust enrichment claim because it did not establish Twalker was enriched by KLE's services.

■ [¶ 10]   Twalker contends it raised the construction lien issue during the trial through the testimony of a KLE employee. A KLE employee testified that KLE technically could have filed a mechanic's lien, but it would not typically do that in a property transaction and a lien would make the property harder to sell. However, this testimony alone was not sufficient to adequately raise and preserve for appeal the issue of whether a construction lien was an available remedy. The district court specifically requested the parties brief their unjust enrichment claim arguments in their post-trial briefs. KLE argued it established each element of its unjust enrichment claim. Twalker argued KLE did not prove Twalker was enriched by KLE's conduct and evidence established Twalker did not receive a benefit from the work KLE performed. Twalker did not argue there was evidence a construction lien was an available remedy or otherwise argue KLE failed to establish this element of its claim. Judges are not "obligated to engage in unassisted searches of the record for evidence to support a litigant's position[.]" *State v. Goulet,* 1999 ND 80, ¶ 10, 593 N.W.2d 345.

Twalker failed to argue evidence established an available remedy existed, and the district court did not err by failing to search the record for evidence that would support dismissing the claim for a reason neither party argued in their briefs.

■ [¶ 11]   Moreover, the issue of whether a construction lien was an available remedy in this case is more complicated than determining there was evidence KLE believed it could file a construction lien. "The parties have the primary duty to bring to the court's attention the proper rules of law applicable to a case." *Goulet,* 1999 ND 80, ¶ 10, 593 N.W.2d 345. Section 35-27-02, N.D.C.C., authorizes construction liens, and states, "Any person that improves real estate, whether under contract with the owner of such real estate or under contract with any agent, trustee, contractor, or subcontractor of the owner, has a lien upon the improvement and upon the land on which the improvement is situated...." The district court found a contract does not exist in this case, and on appeal, the parties are disputing whether a contract between the parties was required for a construction lien to be an available remedy. This issue was not raised before the district court and is being argued for the first time on appeal. Under the facts and circumstances of this case, the testimony from the witness alone was not sufficient to adequately raise this issue. Because the issue was not adequately raised before the district court, it will not be addressed on appeal.

### III

■ [¶ 12]   Twalker argues the district court erred as a matter of law in awarding KLE damages for its unjust enrichment claim. Twalker claims unjust enrichment damages at most may only be equal to the amount by which the opposing party was enriched, and not the amount the claimant

has been impoverished. Twalker contends the court erred by awarding KLE damages for the amount it was impoverished and not determining the amount Twalker had been enriched.

[¶ 13] An award of damages is a finding of fact subject to the clearly erroneous standard of review. *Prairie Supply, Inc. v. Apple Elec., Inc.*, 2015 ND 190, ¶ 11, 867 N.W.2d 335. "We will not reverse a district court's findings of fact simply because we may have viewed the evidence differently." *Id.* An award of damages will be sustained if it is within the range of evidence presented to the trier of fact. *Peterbilt of Fargo, Inc. v. Red River Trucking, LLC*, 2015 ND 140, ¶ 28, 864 N.W.2d 276.

[¶ 14] The district court found Twalker was enriched by the services KLE provided in developing Twalker's property, including "civil construction services, obtaining engineering documents for use in redeveloping the property[,] and other associated expenses to third-parties such as equipment hauling." The court also found KLE was impoverished as a result of its expenditure of time and money to develop Twalker's property, KLE did not have an adequate remedy at law to recover for its impoverishment because there was no contract, and KLE was entitled to $90,857 in damages. The court said the damages were attributable to "employee costs and salaries incurred by KLE in the amount of $20,047.00; the value of equipment use and operation in the amount of $38,405.00; costs incurred by KLE for equipment mobilization in the amount of $4,217.00; and costs incurred by KLE for engineering and surveying services in the amount of $28,188.00."

[¶ 15] This Court has not specifically addressed how damages for an unjust enrichment claim should be calculated, but we have indicated the amount of damages should be based on the defendant's enrichment or the value of the benefit received. We have said the doctrine of unjust enrichment "serves as a basis for requiring restitution of benefits conferred 'in the absence of an expressed or implied in fact contract.'" *Ritter, Laber and Assoc., Inc. v. Koch Oil, Inc.*, 2004 ND 117, ¶ 26, 680 N.W.2d 634 (quoting *Midland Diesel Serv. and Engine Co. v. Sivertson*, 307 N.W.2d 555, 557 (N.D.1981)). "An essential element of recovery under unjust enrichment is the receipt of a benefit by the defendant from the plaintiff that would be inequitable to retain without paying for its value." *Ritter*, at ¶ 26. We have affirmed a trial court's award of damages based on the amount the defendant had been unjustly enriched. *See A & A Metal Bldgs. v. I–S, Inc.*, 274 N.W.2d 183, 189 (N.D.1978). This is consistent with other authorities that have said recovery is generally measured by the benefit to the defendant and not the plaintiff's loss. *See* 26 Richard A Lord, *Williston on Contracts*, § 68:38, at 457 (4th ed.2003); 66 Am.Jur.2d *Restitution and Implied Contracts* § 166 (stating in the absence of fraud or other tortious conduct on the part of the enriched party, damages are properly limited to the value of the benefit received); *see also Restatement (Third) of Restitution and Unjust Enrichment* § 49 (Am. Law Inst.2011) (stating there are different ways a defendant's unjust enrichment may be measured).

[¶ 16] KLE requested $255,607 in damages for its unjust enrichment claim, alleging it was entitled to damages for employee salaries, the use of equipment, mobilization expenses, development expenses which included engineering and surveying, expenses related to industrial commission approval, and a development management fee. The district court found Twalker was enriched by some of the services KLE

provided, specifically the civil construction services, which included preliminary dirt work; the engineering documents, which Twalker used to obtain preliminary approval for its subdivision; and other associated expenses to third-parties, including hauling equipment. The court found KLE was entitled to damages attributable to its employee costs and salaries, the value of equipment use and operation, costs for equipment mobilization, and costs for engineering and surveying services. The court awarded KLE damages for the services the court found enriched Twalker. The court did not find Twalker was enriched by other services KLE alleged it provided and the court did not award KLE damages for those services, including the expenses related to the industrial commission approval and the management fee. The district court considered the amount Twalker was enriched when it decided the amount of damages to award.

[¶ 17] "Before the Supreme Court will interfere with an award of damages, the award must be so excessive or inadequate as to be without support in the evidence." *Valley Honey Co., LLC v. Graves,* 2003 ND 125, ¶ 21, 666 N.W.2d 453. KLE presented evidence of the value of the services it provided, which could be used to determine the value of the benefit Twalker received. The court's damage award is within the range of the evidence presented during the trial. The district court did not misapply the law and we are not left with a definite and firm conviction a mistake has been made. We conclude the damage award is not clearly erroneous.

## IV

[¶ 18] KLE requests this Court award it attorney's fees and costs for the appeal because the appeal is frivolous. This Court may award attorney's fees and costs if we determine an appeal is frivo-lous. N.D.R.App.P. 38. "An appeal is frivolous if it is flagrantly groundless, devoid of merit, or demonstrates bad faith in pursuing the litigation." *Gray v. Berg,* 2016 ND 82, ¶ 16, 878 N.W.2d 79. After reviewing the record, we conclude Twalker's appeal is neither flagrantly groundless or devoid of merit. We deny KLE's request for attorney's fees and costs for this appeal.

## V

[¶ 19] We affirm the judgment.

[¶ 20] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.