Filed 11/20/17 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2017 ND 267

Daniel O. Motter and Marlene A. Motter, Plaintiffs and Appellees

v.

Traill Rural Water District, Defendant and Appellant

No. 20170122

Appeal from the District Court of Steele County, East Central Judicial District, the Honorable Douglas R. Herman, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Joseph A. Turman, Fargo, ND, for plaintiffs and appellees.

Theodore T. Sandberg, Grand Forks, ND, for defendant and appellant.

Motter v. Traill Rural Water District

No. 20170122

Crothers, Justice.

[¶1] Traill Rural Water District (“TRWD”) appeals from a judgment granting damages for overdue rent to Daniel and Marlene Motter (“the Motters”).  We conclude the district court did not err in denying reformation of two leases on the Motters’ land and did not abuse its discretion in granting a new trial.  We affirm the district court’s judgment.

I

[¶2] In 2006 Melba Motter, through her estate’s conservator Alerus Financial, leased approximately forty acres of land in rural Steele County to TRWD at $250 per acre for ninety-nine years.  Attorneys for both Melba Motter’s estate and TRWD negotiated the leases.  In January 2011 Daniel Motter, grandson of Melba Motter, and Daniel’s wife Marlene Motter acquired title to the land, including the leases.  Identical payment terms appeared on each of the two leases:

“Lessee shall pay Lessor during the term of this lease as follows: $250.00 per acre per year upon development of the water wells; $250.00 per parcel shall be paid as an option on this lease until water wells are developed.”

TRWD made the $1,000 option payment to the Motters in November 2006, and development of the water wells began in August 2010.  The four well sites occupy approximately two acres of the forty acres described in the leases. The lease payment structure in this matter differs from similar leases signed by TRWD and neighboring water districts.

[¶3] Daniel Motter received offers from TRWD to renegotiate the leases during the period from 2006 to 2011, when he farmed the land but did not own it.  Daniel Motter reviewed the TRWD leases in 2014 and claimed back rent of $10,000 per year for the full forty acres from 2011 through 2014.  TRWD offered $4,500 compared to Motter’s initial calculation of $31,300.  The district court acknowledged the mathematical error and adjusted to $51,500 for the five years from 2011 to 2015.  The parties’ different interpretations led to this lawsuit.

[¶4] At trial in December 2015 the district court ruled TRWD met its burden of clear and convincing proof for mutual mistake and contract reformation.  The district court found past rent due on all forty acres for 2011 through 2013, then adjusted to a per-well basis for rent beginning in 2014.  This specific reformation argument first appeared in TRWD’s post-trial brief.  The Motters timely moved for a new trial under N.D.R.Civ.P. 59(b), claiming they were not prepared to address a theory of reformation following the trial because TRWD raised the specific issue of mistake for the first time in its post-trial brief.  TRWD claimed it preserved its affirmative defenses and the Motters should have been on notice that reformation was a possible argument in a contract interpretation suit.  The district court granted the Motters’ motion under N.D.R.Civ.P. 59(b)(3), “surprise,” after dispensing with the Rule 59(b)(4) “new evidence” possibility and considering alternative grounds of “abuse of discretion in the introduction of a new theory.”

[¶5] At a second trial in 2016 the district court reversed its previous findings based on additional evidence of lease negotiations.  The district court relied on N.D.C.C. §§ 9-07-04 and 32-04-17 to determine the contract’s intent and wording meant the parties agreed to a per-acre payment of $250.  Judgment was entered for $51,500 plus prejudgment interest.

II

[¶6] TRWD argues the district court abused its discretion in granting a new trial because the Motters did not seek a continuance or request to supplement the record for the 2015 trial.

“‘Granting a new trial is within the sound discretion of the trial court and will not be reversed on appeal unless there has been a manifest abuse of discretion.’  
Lange v. Cusey
, 379 N.W.2d 775, 777 (N.D.1985).  Because denying a motion for new trial brings the case to a conclusion, whereas granting a new trial ‘merely results in the trial of the case to another jury,’ we require a stronger showing of an abuse of discretion in granting the motion for a new trial, than we require for denying a motion for new trial.  
Okken v. Okken
, 325 N.W.2d 264, 269 (N.D.1982).  Thus, ‘an order granting a new trial is subject to more limited appellate review than an order denying a new trial.’  
Ceartin v. Ochs
, [] 479 N.W.2d [863, 865 (N.D. 1992) (
Ceartin I
)].  An appellate court is rarely justified in preventing a new trial
, Lange v. Cusey, supra
, and orders granting new trials are rarely reversed, [
Ceartin I
], 
supra
.”

Ceartin v. Ochs
, 516 N.W.2d 651, 652 (N.D. 1994).  A district court abuses its discretion if it acts in an arbitrary, unconscionable, or unreasonable manner, if its decision is not the product of a rational mental process or if it misinterprets or misapplies the law.  
Jalbert v. Eagle Rigid Spans, Inc.
, 2017 ND 50, ¶ 9, 891 N.W.2d 135 (citing 
Hartleib v. Simes
, 2009 ND 205, ¶ 15, 776 N.W.2d 217).

[¶7] TRWD argues that Motter needed to move for a continuance or delay before seeking a new trial.  
See
 
Hamre v. Senger
, 79 N.W.2d 41, 47 (N.D. 1956) (ruling a motion for new trial will not be granted as a matter of right where the moving party claims surprise by evidence at trial but did not move for a continuance or delay).  The district court considered the holding in 
Bohn
, where this Court held a motion for continuance is not granted as a matter of right but is instead subject to the trial court’s discretion as to “whether the movant has been met with actual surprise which ordinary prudence could not have guarded against.”  
Bohn v. Eichhorst
, 181 N.W.2d 771, 777 (N.D. 1970) (referring to the Court’s ruling in 
Hamre
).  Here, the issue of reformation was first raised in post-trial briefs.  Raising what became the decisive issue in post-trial briefing can constitute “surprise which ordinary prudence could not have guarded against.”  
Id.
 at 777.  Therefore, the district court’s grant of a new trial was not an abuse of discretion.

III

[¶8] TRWD argues the district court clearly erred in finding no mutual mistake in the drafting of the leases.  It argues the district court ignored TRWD’s many witnesses in favor of the Motters’ fewer witnesses.

[¶9] “In an appeal from a bench trial, the district court’s factual findings are reviewed under the clearly erroneous standard and its conclusions of law are fully reviewable.  
KLE Constr., LLC v. Twalker Dev., LLC
, 2016 ND 229, ¶ 5, 887 N.W.2d 536.  A finding is clearly erroneous if there is no evidence to support it, if it is induced by an erroneous view of the law, or if, after reviewing all of the evidence, we are left with a definite and firm conviction a mistake has been made.  
Id.
  ‘A court's choice between two permissible views of the weight of the evidence is not clearly erroneous, and simply because we may have viewed the evidence differently does not entitle us to reverse the court.’  
Krenz v. XTO Energy, Inc.
, 2017 ND 19, ¶ 18, 890 N.W.2d 222.”

Dixon v. Dixon
, 2017 ND 174, ¶ 8, 898 N.W.2d 706.  “A fact finder need not believe the greater number of witnesses.”  
Hill v. Weber
, 1999 ND 74, ¶ 12, 592 N.W.2d 585.

[¶10] Section 32-04-17, N.D.C.C., provides: 

“When, through fraud or mutual mistake of the parties, or a mistake of one party which the other at the time knew or suspected, a written contract does not truly express the intention of the parties, it may be revised on the application of a party aggrieved so as to express that intention so far as it can be done without prejudice to rights acquired by third persons in good faith and for value.”

“Whether a contract contains a mistake sufficient to support a claim for reformation is a question of fact.”  
Freidig v. Weed
, 2015 ND 215, ¶ 13, 868 N.W.2d 546.  “The party seeking reformation of a written instrument must establish by clear and convincing evidence that the document does not state the parties’ intended agreement.  Courts grant the ‘high remedy of reformation’ only upon the ‘certainty of error.’”  
Johnson v. Hovland
, 2011 ND 64, ¶ 12, 795 N.W.2d 294 (citations omitted) (quoting 
Ell v. Ell
, 295 N.W.2d 143, 150 (N.D. 1980)); 
see
 
Fredericks v. Fredericks
, 2016 ND 234, 888 N.W.2d 177 (finding grounds for reformation where language of deed put parties on constructive notice of obvious error).  “Deeds are construed in the same manner as contracts . . . . A court interprets a written contract  to give effect to the mutual intention of the parties as it existed at the time of contracting.”  
Freidig
, at ¶ 10 (citations omitted).

[¶11] Here, TRWD argues the district court erred in the second trial in 2016 by ignoring the evidence it presented supporting a per-well interpretation of the leases. The district court found the leases were negotiated by two experienced private attorneys over a six-month period with multiple drafts including “per well site” and “per-acre per well site” language.  In other words, the parties engaged in a mutually negotiated, arms-length, commercial transaction.  TRWD also argues the district court should have found mutual mistake at contract formation because its many witnesses showed TRWD could never have intended to lease all forty acres.  The district court weighed the evidence, found the commercial lease contracts clear and unambiguous, and found TRWD did not meet its burden of clear and convincing evidence for reformation.  
See Fredericks
, 2016 ND 234, ¶ 16, 888 N.W.2d 177.  The district court’s finding was not clearly erroneous because it was supported by evidence, induced by a correct reading of both case law and the statute, and does not leave us with a definite and firm conviction a mistake has been made.  
See id.

IV

[¶12] The district court did not misinterpret or misapply N.D.R.Civ.P. 59(b) in granting the Motters’ motion for a new trial, nor was its decision arbitrary, unconscionable, or unreasonable.  The district court’s finding that TRWD did not meet its evidentiary burden for reformation of the contract was not clearly erroneous.  We affirm the district court’s judgment.

[¶13] Daniel J. Crothers

Jerod E. Tufte

Jon J. Jensen

William Herauf, D.J.

Gerald W. VandeWalle, C.J.

[¶14] The Honorable William Herauf, D.J., sitting in place of McEvers, J., disqualified.