VandeWalle, Chief Justice.
 

 [¶ 1] Charles Minard, personal representative of the Estate of Delbert Moore, appealed a judgment denying the Estate's claim for rent from the Glenn W. Moore & Sons Partnership for the partnership's use of real property owned by Delbert Moore. We conclude the Estate is not entitled to rent; however, the district court erred by failing to account for the Estate's interest in the partnership after Delbert Moore's death. We affirm in part, reverse in part, and remand.
 

 I
 

 [¶ 2] Delbert Moore died on March 5, 2012. Before his death, Moore was a partner with his brother Donald Moore and nephew Scott Moore in the Glenn W. Moore & Sons partnership, a ranching business formed in 1960. In January 1990, Delbert and Donald Moore executed an "Addition and Clarification of Partnership Agreement
 
 [1]
 
 ." The agreement states the partnership "has two equal partners; Delbert G. Moore and Donald B. Moore." "Partnership profits and losses are shared equally between the partners; and each has an undivided half interest in the partnership." The partners co-owned approximately 2,500 acres of land and contributed it to the partnership without charge:
 

 Land owned as tenants in common by Delbert and Donald Moore is contributed to the partnership without charge. The partnership is responsible for all costs and management associated with the land and treats the land as if owned by the partnership. This contribution cannot be retracted except on dissolution of the partnership or agreement by both partners. Any land owned [by] other persons operated by the partnership is leased by the partnership and not by individual partners.
 

 The agreement also stated "This partnership is not automatically dissolved on death of a partner; however, the estate of a deceased partner cannot make business decisions for the partnership without the approval of the surviving partner."
 

 [¶ 3] Delbert Moore's will devised a small portion of his real property to Donald Moore. Delbert Moore's will devised the remainder of his real property to his step-children, Candice Eberhart, Terry Minard, and Charles Minard; and his
 
 *72
 
 nephew, Scott Moore, subject to the condition that the property "be sold in a commercially reasonable manner so as to derive the most value therefrom within six (6) months of my death."
 

 [¶ 4] In May 2012, Charles Minard conveyed Delbert Moore's real property interest to Candice Eberhart, Terry Minard, Charles Minard, and Scott Moore. Charles Minard, Terry Minard, and Candice Eberhart commenced a partition action contemporaneous to the conveyance, requesting a sale of the property co-owned by Delbert and Donald Moore. Donald Moore challenged the conveyance, arguing the Estate should have sold Delbert Moore's property rather than conveying it. The district court issued a September 2014 order vacating the conveyance, reverting title to Delbert Moore's property back to the Estate. The parallel partition action resulted in a May 2015 sale of Delbert and Donald Moore's real property.
 

 [¶ 5] The partnership continued to farm and ranch the land after Delbert Moore's death, and did not account to the Estate for its continued use of the property. The Estate claimed the partnership owed rent for its continued use of Delbert Moore's property from the date of Delbert Moore's death until the date the property was sold. The Estate argued it was entitled to rent under the partnership agreement and under the theory of unjust enrichment because the partnership was enriched to the detriment of the Estate.
 

 [¶ 6] After a hearing relating to the value of Delbert Moore's partnership interest, the district court entered a judgment denying the Estate's claim for rent. The court held that under the agreement the partnership was not liable for rent for six months after Delbert Moore's death. The court stated that under the agreement the partners intended that there be an extended period of time after a partner's death to allow the continuation of the partnership while the surviving partner or partners decided how to proceed. The judgment also clarified the earlier order vacating the deed conveying Delbert Moore's property to his devisees. The judgment stated the parties intended for the order to revert title back to the Estate as of September 12, 2014. Therefore, the court concluded the Estate did not have standing to request rent from May 11, 2012, to September 12, 2014, because the property was owned by Charles Minard, Terry Minard, Candice Eberhart, and Scott Moore. The court also concluded the Estate did not provide any evidence the partnership was enriched to the Estate's detriment after Delbert Moore's death.
 

 II
 

 [¶ 7] The Estate argues the district court erred in concluding the Estate was not entitled to receive rent for the partnership's continued use of Delbert Moore's property after his death. The Estate argues the court erred in its interpretation of the partnership agreement and in finding the Estate failed to prove unjust enrichment applied to the Estate's claim for rent.
 

 [¶ 8] The interpretation of a written contract to determine its legal effect is a question of law, fully reviewable on appeal.
 
 26
 
 th
 
 Street Hospitality, LLP v. Real Builders, Inc.
 
 ,
 
 2016 ND 95
 
 , ¶ 11,
 
 879 N.W.2d 437
 
 . "The language of a contract is to govern its interpretation if the language is clear and explicit and does not involve an absurdity." N.D.C.C. § 9-07-02. "When a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone if possible." N.D.C.C. § 9-07-04. "A contract is interpreted as a whole so as to give effect to every part: 'Each clause is to help interpret the others.' "
 

 *73
 

 Hsu v. Marian Manor Apartments, Inc.
 
 ,
 
 2007 ND 205
 
 , ¶ 9,
 
 743 N.W.2d 672
 
 (quoting N.D.C.C. § 9-07-06 ).
 

 [¶ 9] "Unjust enrichment is an equitable doctrine, applied in the absence of an express or implied contract, to prevent a person from being unjustly enriched at the expense of another."
 
 Lochthowe v. C.F. Peterson Estate
 
 ,
 
 2005 ND 40
 
 , ¶ 9,
 
 692 N.W.2d 120
 
 . "[U]njust enrichment generally applies only in the absence of a contract between the parties, and there can be no implied-in-law contract when there is an express contract between the parties relative to the same subject matter."
 
 Id.
 
 at ¶ 10. A determination of unjust enrichment is a conclusion of law fully reviewable on appeal.
 
 Id.
 
 at ¶ 9.
 

 [¶ 10] The district court concluded the partnership agreement did not provide for rent after Delbert Moore's death:
 

 The real [e]state owned as tenants in common by Delbert Moore and Donald Moore was an integral component of the partnership business of farming and ranching. Without the real estate, the partnership could not conduct its business to the extent it did while Delbert Moore was alive. The phrase of the agreement that the "partnership is not automatically dissolved on death of a partner" reflects state law as Delbert Moore's death resulted in his dissociation from the partnership. Also, the agreement required six months written notice to commence the dissolution process. This indicates the partners intended that there be an extended time to deal with a partner leaving or the death of a partner before the necessary wind up of the partnership or its continuation by the remaining partners, by their agreement that the "partnership is not automatically dissolved on death of a partner." It is the finding of the Court, that the partners intended that there should be an extended period of time after the death of a partner to allow the partnership business to continue while the surviving partner or partners decided how to proceed after the death. Again this is supported by the six months notice requirement. Because the partnership agreement is clear that the land is contributed to the partnership "without charge," no rental is owed by the partnership to the Estate for that extended period of time after Delbert's death.
 

 The court also found the Estate "failed to prove that the doctrine of unjust enrichment is applicable."
 

 [¶ 11] The district court misinterpreted the agreement in stating "the partners intended that there be an extended time to deal with a partner leaving or the death of a partner before the necessary wind up of the partnership or its continuation by the remaining partners." Under the agreement, a partner's request to dissolve the partnership required six months written notice. The agreement provided a partner's death would not cause dissolution of the partnership. Thus, the six-month notice was only required when a partner requested dissolution. There is nothing in the agreement providing a six-month period "to deal with ... the death of a partner." Because Delbert Moore's death did not cause dissolution of the partnership, the court erred in concluding the partners intended that there be an extended time to deal with a partner's death.
 

 [¶ 12] Under the agreement, Delbert and Donald Moore contributed real property co-owned by them to the partnership without charge. That portion of the agreement relating to the contribution of land provided the contribution could not "be retracted except on dissolution of the partnership or agreement by both partners." The agreement also provided a partner's death would not dissolve the partnership,
 
 *74
 
 and the deceased partner's estate could not make business decisions for the partnership. The agreement explicitly states Delbert and Donald Moore contributed the property without charge. Because a contract exists between the parties relating to the use of the property, the Estate cannot recover rent from the partnership under the doctrine of unjust enrichment.
 

 [¶ 13] The district court concluded Delbert Moore's death terminated his interest in the partnership; however, the court failed to acknowledge the Estate's continued interest in the partnership. The partnership agreement states, "This partnership is not automatically dissolved on death of a partner; however, the estate of a deceased partner cannot make business decisions for the partnership without the approval of the surviving partner." The agreement plainly states Delbert and Donald Moore intended for the partnership business to continue after a partner's death. Delbert Moore became dissociated from the partnership when he died on March 5, 2012.
 
 See
 
 N.D.C.C. § 45-18-01(7)(a) (upon a partner's death, he or she is dissociated from a partnership). "Upon a partner's dissociation, [t]he partner's right to participate in the management and conduct of the partnership business terminates." N.D.C.C. § 45-18-03(2)(a).
 

 [¶ 14] Although Delbert Moore's role in the partnership terminated, the agreement states a deceased partner's estate cannot make business decisions without the surviving partner's approval. This provision indicates Delbert and Donald Moore intended for a deceased partner's estate to remain a partner with limited decision-making authority.
 
 See
 
 N.D.C.C. § 9-07-06 (a contract is interpreted as a whole to give effect to every part).
 

 [¶ 15] Delbert and Donald Moore were the lone partners in the partnership when they executed the partnership agreement. A valid partnership requires at least two members.
 
 See
 
 N.D.C.C. § 45-13-01(19) (a partnership is an "association of two or more persons to carry on as co-owners a business for profit"). Because the agreement unambiguously states the partnership did not dissolve on a partner's death, the partnership could continue with the surviving partner if the deceased partner's estate remained a partner. The phrase in the agreement stating a deceased partner's estate cannot make business decisions without the surviving partner's approval accomplishes this goal. We conclude the Estate remained a partner after Delbert Moore's death, and the district court failed to account for the Estate's continued interest in the partnership until the May 2015 sale of Delbert Moore's property. We therefore reverse and remand for an accounting of partnership profits and losses from Delbert Moore's death until the property sold.
 

 III
 

 [¶ 16] We have considered the remaining arguments and conclude they are either unnecessary to our decision or without merit. The judgment is affirmed in part, reversed in part, and remanded.
 

 [¶ 17] Gerald W. VandeWalle, C.J.
 

 Jerod E. Tufte
 

 Daniel J. Crothers
 

 Lisa Fair McEvers
 

 Jon J. Jensen
 

 [1]
 

 The original partnership agreement, if one exists, was not included in the record. We will refer to the 1990 agreement as "the partnership agreement" or "the agreement."