# IN THE SUPREME COURT

# STATE OF NORTH DAKOTA

2018 ND 253

Louis Tornabeni,                                                      Plaintiff and Appellee

v.

Cammie Wold, Roadrunner Hotshot
& Services, LLC, Chance Innis, and
Noble Casing Incorporated,                            Defendants and Appellants

and

Louis Tornabeni,                          Third-Party Defendant and Appellee

and

Tornabeni Consulting, Inc., a Montana
involuntarily dissolved Closer Corporation;
Bridger Forsness; Brittany Creech,                    Third-Party Defendants

No. 20180164

Appeal from the District Court of Williams County, Northwest Judicial District, the Honorable Benjamen James Johnson, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Justice.

John M. Fitzgerald (argued), Rapid City, SD, for plaintiff, third-party defendant and appellee Louis Tornabeni.

Robert D. Lantz (argued), Denver, CO, and Brett D. Payton (appeared), Greeley, CO, for defendants and appellants Cammie Wold, Roadrunner Hotshot & Services, LLC, and Chance Innis.

**Jensen, Justice.**

[¶1]    Chance Innis, Cammie Wold, and Roadrunner Hotshot & Services, LLC ("RHS"), appeal from a judgment awarding Louis Tornabeni $145,536.53 from Innis and awarding Tornabeni $477,521.49, jointly and severally, from Wold and RHS. Innis argues the district court erred in determining he entered into an enforceable oral contract with Innis. Wold and RHS argue the district court erred in determining they were jointly and severally liable to Tornabeni for unjust enrichment in the amount of one-half of the net profits of RHS. We affirm the judgment.

I

[¶2]    Innis and Wold are brother and sister. Innis operated a sole proprietorship doing business as Roadrunner Hotshot, which initially delivered goods to and cleaned shacks at oil rigs in western North Dakota and later began renting equipment to oil companies including Continental Resources. Wold operated Roadrunner Hotshot for Innis until April 11, 2011, when he transferred the business to her and she renamed and reorganized the company as Roadrunner Hotshot & Services, LLC.

[¶3]    DTC Consulting employed Tornabeni as a drilling consultant in western North Dakota and assigned him to work on oil rigs operated by Continental Resources as part of his employment with DTC Consulting. Tornabeni and Wold began a romantic relationship in late 2009 or early 2010.

[¶4]    According to Tornabeni, he met with Innis, Wold, and Nick Barker at a Williston, North Dakota, restaurant in the spring of 2010. Tornabeni testified he and Innis orally agreed that Tornabeni would provide equipment to Innis, and Innis, through his business, would then rent the equipment to Continental Resources under a Master Service Agreement. According to Tornabeni, the parties agreed he would receive ninety percent of the rental profits, and Innis would receive ten percent of the

1

rental profits. Tornabeni provided equipment to Innis from July 2010 until Innis transferred his business to Wold in April 2011.

[¶5] Tornabeni continued to provide the equipment rented by Continental Resources after Innis transferred his business to Wold. According to Tornabeni, he arranged the equipment rentals to Continental Resources and for the payments by Continental Resources to RHS. Tornabeni's involvement with equipment rentals to Continental Resources ended on January 1, 2013, and his romantic relationship with Wold ended in June 2013.

[¶6] Tornabeni sued Innis, Wold, and RHS. Tornabeni alleged that Innis breached their oral contract requiring Innis to pay Tornabeni ninety percent of rental income generated from equipment owned by Tornabeni and rented to Continental Resources from July 2010 through April 11, 2011. Tornabeni also alleged that after Innis transferred his business to Wold, Wold and RHS were unjustly enriched by the rental of equipment to Continental from April 2011 through December 2012.

[¶7] The district court determined that Innis and Tornabeni had an oral contract requiring Innis to pay Tornabeni ninety percent of the rental profit from equipment rentals and that Innis breached the oral contract. The court ordered Innis to pay Tornabeni $145,536.53 in damages. The court also determined Wold and RHS were unjustly enriched by rental payments they received from Continental Resources for the equipment owned by Tornabeni and held them jointly and severally liable to Tornabeni for one-half of the company's net profits in the amount of $477,521.49, from April 2011 through December 2012.

II

[¶8] Innis argues the district court erred in concluding he entered a valid and enforceable oral contract with Tornabeni. Innis argues there was not a meeting at the Williston restaurant in 2010, and the parties did not consent to an oral contract. He argues Tornabeni could not identify when the meeting occurred, and Tornabeni could not verify there was an agreement between the parties. Innis claims Tornabeni only

2

indicated he was under the impression the parties were doing business and could not remember if they shook hands.

[¶9]    The existence of an oral contract and the extent of its terms are questions of fact subject to the clearly erroneous rule. *Edward H. Schwartz Constr., Inc. v. Driessen*, 2006 ND 15, ¶ 6, 709 N.W.2d 733. Our review of a district court's findings of facts is guided by N.D.R.Civ.P. 52(a)(6), which precludes this Court from setting aside those findings unless they are clearly erroneous. Rule 52(a)(6), N.D.R.Civ.P., requires this Court to "give due regard to the trial court's opportunity to judge the witnesses' credibility." We have previously summarized our review of findings of fact under the clearly erroneous rule:

> A district court's finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, although there is some evidence to support it, on the entire record, a reviewing court is left with a definite and firm conviction a mistake has been made. In reviewing findings of fact, we view the evidence in the light most favorable to the findings and will not reverse the district court's findings simply because we may view the evidence differently. "In a bench trial, the district court determines the credibility of witnesses, and we do not second-guess those credibility determinations."

*Knorr v. Norberg*, 2015 ND 284, ¶ 7, 872 N.W.2d 323 (citations omitted).

[¶10] The district court was provided with two conflicting versions of evidence—Tornabeni's claim that the parties met and reached an oral agreement and Innis's claim that the parties did not meet and did not have an agreement. The district court determined Innis and Wold were not credible and, relying on testimony from Tornabeni and Barker, the court found Tornabeni and Innis reached an oral agreement at a Williston restaurant in the spring of 2010. There is evidence to support the district court's finding that the parties reached an oral agreement, including the testimony of Tornabeni and Barker, as well as the undisputed evidence that Tornabeni provided equipment that was rented to Continental Resources and that Continental Resources paid Innis for the use of the equipment. Innis's challenge focuses primarily on the credibility of Tornabeni and is insufficient for this Court to set aside a district

3

court's credibility determinations about which witnesses were or were not credible. We decline to reweigh the witnesses' credibility. We are not left with a definite and firm conviction the court made a mistake, and we conclude the court's findings that Innis and Tornabeni had an oral contract and the terms of that contract are not clearly erroneous. We affirm the district court's finding of an oral contract.

[¶11] Innis argues that even if an oral contract existed, the contract did not have a lawful object and was unenforceable. Innis argues the agreement violated Continental Resources' policies regarding conflicts of interest and self dealing, which precluded Tornabeni from directly renting equipment to Continental Resources, and was therefore unenforceable. However, Innis has not marshaled any legal authority to support his claim that the parties' oral contract had an unlawful object and was therefore unenforceable.

[¶12] Chapter 9-08, N.D.C.C., provides some guidance for our review of unlawful and voidable contracts. Only N.D.C.C. § 9-08-01 is arguably applicable to Innis's assertion that the oral contract was unlawful. Section 9-08-01, N.D.C.C., provides that a provision of a contract is unlawful if it is contrary to an express provision of the law, contrary to the policy of an express provision of the law, or "[o]therwise contrary to good morals." Innis offered no legal authority or evidence to support a finding that the parties' agreement violated N.D.C.C. § 9-08-01. This Court has not previously held that an agreement is unenforceable as the result of a party's breach of an earlier or separate agreement with a third party, and we decline to extend N.D.C.C. § 9-08-01 to the circumstances of this case involving a claimed conflict of interest.

[¶13] Innis also argues the oral contract is invalid because the statute of frauds in N.D.C.C. § 9-06-04(1) requires a contract that by its terms will not be performed within a year to be in writing. We have previously recognized that an oral contract without an express term specifying a time of performance beyond one year and which could be performed within one year does not violate N.D.C.C. § 9-06-04(1). *See Kohanowski v. Burkhardt*, 2012 ND 199, ¶ 9, 821 N.W.2d 740 (recognizing that if there is any possibility an oral contract may be performed within one year, the contract

4

is not barred by the statute of frauds). Innis's argument that the oral agreement is unenforceable because it violates N.D.C.C. § 9-06-04(1) is without merit.

[¶14] Innis also contends the contract was required to be in writing and violated the statute of frauds under N.D.C.C. § 9-06-04(4), because it was for a loan of more than $25,000. Nothing in this record or the district court's findings suggests the oral agreement was intended to be a loan. Innis's argument that the oral agreement is unenforceable because it violates N.D.C.C. § 9-06-04(4) is without merit.

### III

[¶15] Wold and RHS argue the district court erred as a matter of law in deciding they were jointly and severally liable to Tornabeni under unjust enrichment for one-half of RHS's net profits earned after Innis transferred ownership of his company to Wold. They argue that Tornabeni did not provide evidence he owned any of the equipment rented to Continental Resources, that Tornabeni wanted to stay in a relationship with Wold with no expectation of any payment from her, that Tornabeni failed to show that Wold or RHS was enriched, and that Tornabeni was guilty of misconduct in syphoning business from RHS for his own business. Finally, Wold also asserts Tornabeni failed to provide sufficient evidence to "pierce the corporate veil" and defeat the limited liability protection provided by RHS as a limited liability company.

[¶16] As noted above, our review of a district court's findings of fact under the clearly erroneous standard is governed by N.D.R.Civ.P. 52(a)(6), and findings "must not be set aside unless clearly erroneous, and the reviewing court must give due regard to the trial court's opportunity to judge the witnesses' credibility." A district court's determination of whether the facts support a finding of unjust enrichment is fully reviewable on appeal. *Estate of Moore*, 2018 ND 221, ¶ 9, 918 N.W.2d 69; *KLE Constr., LLC v. Twalker Dev., LLC*, 2016 ND 229, ¶ 5, 887 N.W.2d 536.

[¶17] In *KLE Constr.*, 2016 ND 229, ¶ 6, 887 N.W.2d 536 (quoting *McColl Farms, LLC v. Pflaum*, 2013 ND 169, ¶ 18, 837 N.W.2d 359), this Court discussed the requirements for recovery under the doctrine of unjust enrichment:

5

Unjust enrichment is a broad, equitable doctrine which rests upon quasi or constructive contracts implied by law to prevent a person from unjustly enriching himself at the expense of another. To recover under a theory of unjust enrichment, the plaintiff must prove: (1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and the impoverishment, (4) the absence of a justification for the enrichment and impoverishment, and (5) the absence of a remedy provided by law. The theory may be invoked when a person has and retains money or benefits which in justice and equity belong to another. For a complainant to recover, it is sufficient if another has, without justification, obtained a benefit at the direct expense of the complainant, who then has no legal means of retrieving it. The essential element in recovering under the theory is the receipt of a benefit by the defendant from the plaintiff which would be inequitable to retain without paying for its value.

[¶18] After citing the requirements for recovery under the doctrine of unjust enrichment, the district court discussed each of the elements and concluded Tornabeni had satisfied his burden of proof. The court explained:

Based upon the evidence presented at trial, from April 01, 2011 to December 31, 2012, RHS had a net profit of $1,046,996.40 from the rental side of its business. These funds ultimately benefited Wold. Wold and RHS were enriched by $1,046,996.40.

The record indicates that Tornabeni was responsible for the generation of nearly all of the rental income that RHS received. Much of the rental equipment was owned by Tornabeni and some of RHS's equipment was purchased with money loaned by Tornabeni to Wold at no interest. The work done by Tornabeni and the use of Tornabeni's equipment without compensation has resulted in an impoverishment to Tornabeni. The enrichment to Wold/RHS and the impoverishment to Tornabeni are connected.

There does not appear to be a justification to this Court for the enrichment. It does appear to the Court that Tornabeni has no other remedy under the law. The Defendants have not indicated that there is another remedy available to Tornabeni under the law.

It is clear that Wold was enriched and Tornabeni was impoverished.

6

[¶19] Wold and RHS's challenge to the district court's determination regarding Tornabeni's unjust enrichment claim is, in essence, a request for this Court to review the evidence and credibility of the witnesses and reach a different result. We find nothing in the record to suggest that the district court's underlying findings of fact for the unjust enrichment claim were clearly erroneous, and we conclude the district court did not err in concluding Tornabeni established the elements for recovery under unjust enrichment.

[¶20] We further conclude the district court's award of damages for unjust enrichment is within the range of evidence presented at trial, and we are not left with a definite and firm conviction a mistake has been made. *See KLE Constr.*, 2016 ND 229, ¶¶ 13-17, 887 N.W.2d 536 (reviewing award of damages for unjust enrichment claim under clearly erroneous rule). We therefore conclude the court's award of damages is not clearly erroneous.

[¶21] Wold also asserts the district court ignored the limited liability protection provided by RHS's limited liability status in ordering that Wold and RHS were jointly and severally liable on the unjust enrichment claim. Tornabeni's complaint unambiguously asserted Wold and RHS were jointly and severally liable on the unjust enrichment claim. Wold's answer did not specifically raise a defense that she was individually shielded from liability by RHS's limited liability status. The record does not reflect that Wold raised the issue before trial or during trial. We have previously recognized that an individual who has been sued in their individual capacity may waive their defense based upon limited liability protections by failing to raise the issue prior to the entry of judgment. *See Flaten v. Couture*, 2018 ND 136, ¶ 34, 912 N.W.2d. 330. We conclude Wold waived any defense based upon the protections for RHS's limited liability status.


IV

[¶22] The district court's findings of the existence and the terms of an oral agreement between Innis and Tornabeni are not clearly erroneous. The district court did not err

7

in determining that Wold and RHS were jointly and severally liable to Tornabeni on the claim for unjust enrichment.  We affirm the judgment.

[¶23]  Jon J. Jensen
        Lisa Fair McEvers
        Daniel J. Crothers
        Jerod E. Tufte
        Gerald W. VandeWalle, C.J.