FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
NOVEMBER 19, 2020
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 249

In the Matter of the Estate of Delbert G. Moore, Deceased

| | |
|---|---|
| Charles Minard, individually and as personal representative of the Estate of Delbert G. Moore, deceased, | Petitioner and Appellee |
| v. | |
| Donald B. Moore and Scott Moore, | Respondents and Appellants |
| and | |
| Glenn W. Moore & Sons, | Claimant and Appellant |
| and | |
| Candice Eberhart and Terry Minard, | Respondents |

### No. 20200087

Appeal from the District Court of Dickey County, Southeast Judicial District, the Honorable Cherie L. Clark, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Justice.

Kimberly J. Radermacher, LaMoure, ND, for petitioner and appellee.

David J. Smith (argued) and Tyler J. Malm (on brief), Bismarck, ND, for respondents, appellants, and claimant.

**VandeWalle, Justice.**

[¶1]    Donald Moore, Scott Moore, and the Glenn W. Moore & Sons partnership appealed from an amended judgment ordering the partnership to pay $140,206 to Delbert Moore's step-children, Charles Minard, Candice Eberhart, and Terry Minard. We affirm.

I

[¶2]    Delbert Moore died in March 2012. Before his death, Delbert Moore was a partner with his brother Donald Moore and nephew Scott Moore in the Glenn W. Moore & Sons partnership, a ranching business. Delbert Moore's will directed that a majority of his real property be sold within six months of his death and the proceeds be distributed to his three step-children, Charles Minard, Candice Eberhart, Terry Minard, and his nephew Scott Moore. His will also devised his one-third interest in the partnership to his three step-children. Delbert Moore's real property sold in May 2015.

[¶3]    The probate of Delbert Moore's estate involved litigation, and in *Estate of Moore*, 2018 ND 221, ¶ 15, 918 N.W.2d 69, this Court held that Moore's estate remained a partner in the partnership after his death. This Court remanded for an accounting of partnership profits and losses from Moore's death until his property sold in May 2015. *Id.*

[¶4]    The partnership and Delbert Moore's estate each hired an accountant to prepare an accounting of the partnership's profits and losses. The partnership's accounting showed the partnership sustained a $49,408.49 loss. The Estate's accounting showed the partnership had profits of $426,141.06. After a $1,841 deduction, which represented a 2012 cash distribution from the partnership to Delbert Moore, the Estate's one-third share of the partnership's profits was $140,206.

[¶5]    After a hearing, the district court adopted the Estate's accounting and ordered the partnership to pay the Estate $140,206 for its interest in the

partnership's profits. The court also ordered the Estate to pay Scott Moore $282,641.37, the remaining balance of his one-fourth interest from the sale of Delbert Moore's real property.

II

[¶6] The partnership argues the district court erred in adopting the Estate's accounting of the partnership's profits and losses.

[¶7] The district court's decision on the partnership's profits is a finding of fact subject to the clearly erroneous standard of review. *Adams v. Adams*, 2016 ND 169, ¶ 6, 883 N.W.2d 864. A finding of fact is clearly erroneous if there is no evidence supporting it, it is induced by an erroneous view of the law, or after reviewing the entire record, we are left with a definite and firm conviction a mistake has been made. *Id.*

[¶8] The district court found the parties' expert accounting reports differed in two respects: (1) depreciation, and (2) a wage expense claimed by Scott Moore. The Estate's accounting used book depreciation, and the partnership's accounting used tax depreciation. The court found, "Both experts agree that to account for profits and losses, tax basis is not the correct method to use to calculate depreciation. [Book] depreciation is the generally accepted method to determine depreciation." The court adopted the Estate's valuation of depreciation.

[¶9] The partnership's accounting deducted a $316,366.88 wage expense relating to Scott Moore's labor for the partnership. The Estate's accounting did not include the wage expense in its calculation of profits and losses. The district court found the partnership's wage expense for Scott Moore's labor was not accounted for in any of the partnership's financial statements or tax returns. The court found the partnership's accountant included the wage expense "at the direction of Donald and Scott [Moore]." The Estate's accountant testified that deducting the wage expense would be atypical because none of the partnership's financial documents included the expense. The court agreed with the Estate's treatment of the wage expense and adopted the Estate's accounting of the partnership's profits and losses.

2

[¶10] The district court made findings on the parties' accounting reports and explained its reasons for adopting the Estate's accounting. In a case involving a "battle of the experts," "a choice between two permissible views of the weight of the evidence is not clearly erroneous." *Byron v. Gerring Indus., Inc.*, 328 N.W.2d 819, 822 (N.D. 1982) (citing *U.S. v. Yellow Cab Co.*, 338 U.S. 338, 342 (1949)).

[¶11] We conclude the district court did not clearly err in adopting the Estate's accounting of the partnership's profits and losses. We are not left with a definite and firm conviction a mistake was made.

III

[¶12] Scott Moore claims he should have received interest on the remaining $282,641.37 distributed to him from the Estate for his one-fourth interest from the sale of Delbert Moore's real property. Scott Moore argues the court should have awarded him interest under N.D.C.C. § 32-03-05, or under equitable principles.

[¶13] Section 32-03-05, N.D.C.C., provides, "In an action for the breach of an obligation not arising from contract and in every case of oppression, fraud, or malice, interest may be given in the discretion of the court or jury." In addition, a district court's decision under equitable principles will not be reversed on appeal absent an abuse of discretion. *Moch v. Moch*, 1998 ND 95, ¶ 9, 578 N.W.2d 129. A court abuses its discretion "when it acts in an arbitrary, unreasonable, or unconscionable manner, when it misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned determination." *Carroll v. Carroll*, 2017 ND 73, ¶ 9, 892 N.W.2d 173.

[¶14] The district court denied interest on Scott Moore's distribution, explaining "the Court has not reviewed evidence which would result in interest being assessed." Scott Moore has not presented evidence under N.D.C.C. § 32-03-05 showing the Estate breached an obligation or committed fraud. Furthermore, Scott Moore's earlier distributions from the Estate, $350,000 in June 2015 and $250,000 in December 2016, did not include interest.

[¶15] We conclude the district court did not abuse its discretion by not awarding interest on Scott Moore's remaining distribution from the Estate.

IV

[¶16] The parties' remaining arguments are without merit or are not necessary to our decision. The amended judgment is affirmed.

[¶17] Jon J. Jensen, C.J.
      Gerald W. VandeWalle
      Daniel J. Crothers
      Lisa Fair McEvers
      Jerod E. Tufte